IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| D'VAUGHN CORTEZ HILL, | No. 2:23-CV-1313-DMC-P |
| Plaintiff, | |
| v. | ORDER |
| CDCR CONTRACT PHYSICIAN/ SURGEON, et al., | |
| Defendants. | |

      Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's motion for the appointment of counsel, ECF No. 14.

      The United States Supreme Court has ruled that district courts lack authority to require counsel to represent indigent prisoners in § 1983 cases. See Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In certain exceptional circumstances, the Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). See Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). A finding of "exceptional circumstances" requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims on his own in light of the complexity of the legal issues involved. See Terrell, 935 F.2d at 1017. Neither factor is

dispositive and both must be viewed together before reaching a decision.  See id.  In Terrell, the Ninth Circuit concluded the district court did not abuse its discretion with respect to appointment of counsel because:

> . . . Terrell demonstrated sufficient writing ability and legal knowledge to articulate his claim.  The facts he alleged and the issues he raised were not of substantial complexity.  The compelling evidence against Terrell made it extremely unlikely that he would succeed on the merits.

Id. at 1017.

In the present case, the Court does not at this time find the required exceptional circumstances.  Plaintiff asserts that appointment of counsel is warranted because he is incarcerated and indigent.  These represent typical and not exceptional circumstances for inmates pursuing litigation in federal court.  Plaintiff also asserts that a trial in this matter will likely involve conflicting testimony.  At this point of the proceedings, however, before any defendant has been served or discovery conducted, the Court cannot evaluate this assertion.  Finally, a review of the docket reflects that Plaintiff has so far been able to sufficiently articulate his claims on his own.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's request for the appointment of counsel, ECF No. 14, is denied.

Dated:  September 1, 2023

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE