1
2
3
4
5
6
7

8

**IN THE UNITED STATES DISTRICT COURT**

9

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    D'VAUGHN CORTEZ HILL,                    No.  2:23-CV-1313-DMC-P

12              Plaintiff,

13        v.                                   ORDER

14    CDCR CONTRACT PHYSICIAN/
      SURGEON, et al.,
15
                Defendants.
16

17

18              Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19    42 U.S.C. § 1983.  Pending before the Court is Plaintiff's second amended complaint, ECF No.

20    17.

21              The Court is required to screen complaints brought by prisoners seeking relief

22    against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

23    § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

24    initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

25    Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

26    portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

27    be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

28    28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

complaints contain a ". . . short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply, concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121, 1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity overt acts by specific defendants which support the claims, vague and conclusory allegations fail to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening required by law when the allegations are vague and conclusory.

# I. BACKGROUND

### A.    Procedural History

Plaintiff initiated this action with a pro se complaint filed in the United States District Court for the Northern District of California on April 7, 2023.  See ECF No. 1.  The matter was transferred to this Court on June 30, 2023.  See ECF No. 9.  On July 27, 2023, the Court issued an order dismissing the original complaint with leave to amend because Plaintiff had not alleged facts to link the named defendants to a violation of Plaintiff's rights.  See ECF No. 12.  Plaintiff filed a first amended complaint pursuant to the Court's order on August 28, 2023.  See ECF No. 15.  Prior to screening of the first amended complaint, Plaintiff filed the operative second amended complaint as of right on October 2, 2023.  See ECF No. 17.

### B.    Plaintiff's Second Amended Complaint

In the second amended complaint, Plaintiff names the following as defendants: (1) Dr. Jeu, a primary care physician at Folsom State Prison; and (2) Dr. Dowback, a contract physician at San Jaoquin Hospital.  See id. at 2-3.  Plaintiff states that he underwent surgery on July 13, 2022, to remove metal rods from his finger.  See id. at 3.  According to Plaintiff, Dr. Dowback advised Plaintiff upon his release from the hospital that he would be "immediately enrolled into physical therapy after seeing the facility doctor 'Dr. Jeu.'"  Id.  Plaintiff states that, when he was returned to New Folsom Prison ten days following surgery, he wasn't provided any

2

1  follow-up appointment with the prison doctor.  See id.  Plaintiff states that Dr. Jeu explained to

2  him that, for some reason, the order from Dr. Dowback was not "in the system."  Id. at 4.

3  Plaintiff states that he filed an inmate grievance concerning the situation.  See id.

4     Plaintiff was transferred to Corcoran State Prison on August 23, 2022.  See id.

5  Plaintiff states that, at this new facility, he had to "restart the medical process from the

6  beginning."  Id.  Plaintiff states that he finally began receiving physical therapy in November

7  2022 and was informed by the physical therapist that the delay in starting physical therapy likely

8  resulted in permanent loss of range of motion and deformity of Plaintiff's finger.  See id.

9

10          **II.  DISCUSSION**

11     The gravamen of Plaintiff's complaint is an Eighth Amendment medical deliberate

12  indifference claim based on the delay in receiving physical therapy following surgery on his

13  finger in July 2022.

14     The treatment a prisoner receives in prison and the conditions under which the

15  prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

16  and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

17  511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

18  of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

19  (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

20  Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

21  "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

22  801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

23  two requirements are met: (1) objectively, the official's act or omission must be so serious such

24  that it results in the denial of the minimal civilized measure of life's necessities; and (2)

25  subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

26  inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

27  official must have a "sufficiently culpable mind."  See id.

28  / / /

1        Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

2   injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105;

3   see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health

4   needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

5   sufficiently serious if the failure to treat a prisoner's condition could result in further significant

6   injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

7   1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

8   Factors indicating seriousness are: (1) whether a reasonable doctor would think that the condition

9   is worthy of comment; (2) whether the condition significantly impacts the prisoner's daily

10  activities; and (3) whether the condition is chronic and accompanied by substantial pain.  See

11  Lopez v. Smith, 203 F.3d 1122, 1131-32 (9th Cir. 2000) (en banc).

12       The requirement of deliberate indifference is less stringent in medical needs cases

13  than in other Eighth Amendment contexts because the responsibility to provide inmates with

14  medical care does not generally conflict with competing penological concerns.  See McGuckin,

15  974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

16  decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

17  1989).  The complete denial of medical attention may constitute deliberate indifference.  See

18  Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

19  treatment, or interference with medical treatment, may also constitute deliberate indifference.  See

20  Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate

21  that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

22       Negligence in diagnosing or treating a medical condition does not, however, give

23  rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

24  difference of opinion between the prisoner and medical providers concerning the appropriate

25  course of treatment does not generally give rise to an Eighth Amendment claim.  See Jackson v.

26  McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  However, a claim involving alternate courses of

27  treatment may succeed where the plaintiff shows: (1) the chosen course of treatment was

28  medically unacceptable under the circumstances; and (2) the alternative treatment was chosen in

4

1  conscious disregard of an excessive risk to the prisoner's health.  See Toguchi v. Chung, 391 F.3d

2  1051, 1058 (9th Cir. 2004).

3         As currently pleaded, the Court finds the second amended complaint defective.

4  Specifically, Plaintiff has not alleged any facts to suggest that Dr. Dowback, who performed the

5  surgery, was the cause of any delay related to physical therapy.  To the contrary, the facts alleged

6  indicate that Dr. Dowback prescribed physical therapy which was to begin upon Plaintiff's return

7  to prison.  With respect to Dr. Jeu, the doctor to whom Plaintiff spoke regarding physical therapy

8  following his return to prison, Plaintiff has not alleged facts to show that Dr. Jeu was deliberately

9  indifferent to Plaintiff's medical needs.  According to Plaintiff, when asked about physical

10 therapy, Dr. Jeu informed Plaintiff that Dr. Dowback's order was "not in the system."  Plaintiff

11 does not plead any additional facts as to Dr. Jeu which show the doctor's deliberate indifference

12 with respect to a delay in receiving physical therapy. Finally, as to events which occurred

13 following Plaintiff's transfer to Corcoran State Prison, Plaintiff has not alleged any facts to link

14 those events to the named defendants, neither of whom worked at Corcoran State Prison during

15 the times relevant to this action.

16        Plaintiff will be provided an opportunity to amend.

17

18                    **III.  CONCLUSION**

19        Because it is possible that the deficiencies identified in this order may be cured by

20 amending the complaint, Plaintiff is entitled to leave to amend prior to dismissal of the entire

21 action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).  Plaintiff is

22 informed that, as a general rule, an amended complaint supersedes the original complaint.  See

23 Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).  Thus, following dismissal with leave to

24 amend, all claims alleged in the original complaint which are not alleged in the amended

25 complaint are waived.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Therefore, if

26 Plaintiff amends the complaint, the Court cannot refer to the prior pleading in order to make

27 Plaintiff's amended complaint complete.  See Local Rule 220.  An amended complaint must be

28 complete in itself without reference to any prior pleading.  See id.

1           If Plaintiff chooses to amend the complaint, Plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of Plaintiff's constitutional rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  The complaint must allege in specific terms how each named defendant is involved and must set forth some affirmative link or connection between each defendant's actions and the claimed deprivation.  See May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

           Finally, Plaintiff is warned that failure to file an amended complaint within the time provided in this order may be grounds for dismissal of this action.  See Ferdik, 963 F.2d at 1260-61; see also Local Rule 110.  Plaintiff is also warned that a complaint which fails to comply with Rule 8 may, in the Court's discretion, be dismissed with prejudice pursuant to Rule 41(b).  See Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673 (9th Cir. 1981).

           Accordingly, IT IS HEREBY ORDERED that:

           1.     Plaintiff's second amended complaint is dismissed with leave to amend; and

           2.     Plaintiff shall file a third amended complaint within 30 days of the date of service of this order.

Dated:  May 21, 2024

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE