1
2
3
4
5
6
7
8 **IN THE UNITED STATES DISTRICT COURT**
9 **FOR THE EASTERN DISTRICT OF CALIFORNIA**
10

| | |
|---|---|
| 11  D'VAUGHN CORTEZ HILL, | No.  2:23-CV-1313-DMC-P |
| 12        Plaintiff, | |
| 13     v. | ORDER |
| 14  CDCR CONTRACT PHYSICIAN/ SURGEON, et al., | and |
| 15        Defendants. | FINDINGS AND RECOMMENDATIONS |
| 16 | |
| 17 | |

18          Plaintiff, a prisoner proceeding pro se, brings this civil rights action pursuant to

19 42 U.S.C. § 1983.  Pending before the Court is Plaintiff's third amended complaint, ECF No. 20.

20          The Court is required to screen complaints brought by prisoners seeking relief

21 against a governmental entity or officer or employee of a governmental entity.  See 28 U.S.C.

22 § 1915A(a).  This provision also applies if the plaintiff was incarcerated at the time the action was

23 initiated even if the litigant was subsequently released from custody.  See Olivas v. Nevada ex rel.

24 Dep't of Corr., 856 F.3d 1281, 1282 (9th Cir. 2017).  The Court must dismiss a complaint or

25 portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can

26 be granted; or (3) seeks monetary relief from a defendant who is immune from such relief.  See

27 28 U.S.C. § 1915A(b)(1), (2).  Moreover, the Federal Rules of Civil Procedure require that

28 complaints contain a ". . . short and plain statement of the claim showing that the pleader is

1  entitled to relief." Fed. R. Civ. P. 8(a)(2).  This means that claims must be stated simply,

2  concisely, and directly.  See McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996) (referring to

3  Fed. R. Civ. P. 8(e)(1)).  These rules are satisfied if the complaint gives the defendant fair notice

4  of the plaintiff's claim and the grounds upon which it rests.  See Kimes v. Stone, 84 F.3d 1121,

5  1129 (9th Cir. 1996).  Because Plaintiff must allege with at least some degree of particularity

6  overt acts by specific defendants which support the claims, vague and conclusory allegations fail

7  to satisfy this standard.  Additionally, it is impossible for the Court to conduct the screening

8  required by law when the allegations are vague and conclusory.

9

10              **I.  BACKGROUND**

11      A.      **Procedural History**

12          Plaintiff initiated this action with a pro se complaint filed in the United States

13  District Court for the Northern District of California on April 7, 2023.  See ECF No. 1.  The

14  matter was transferred to this Court on June 30, 2023.  See ECF No. 9.  On July 27, 2023, the

15  Court issued an order dismissing the original complaint with leave to amend because Plaintiff had

16  not alleged facts to link the named defendants to a violation of Plaintiff's rights.  See ECF No. 12.

17  Plaintiff filed a first amended complaint pursuant to the Court's order on August 28, 2023.  See

18  ECF No. 15.

19          Prior to screening of the first amended complaint, Plaintiff filed a second amended

20  complaint as of right on October 2, 2023.  See ECF No. 17.  On May 22, 2024, the Court issued

21  an order addressing the sufficiency of the second amended complaint.  See ECF No. 19.  The

22  Court determined that the facts alleged failed to establish an Eighth Amendment medical

23  deliberate indifference claim.  See id.  Plaintiff's second amended complaint was dismissed with

24  leave to amend.  See id.  Plaintiff filed the operative third amended complaint on June 24, 2024.

25  See ECF No. 20.

26  / / /

27  / / /

28  / / /

1

**B.    Plaintiff's Current Allegations**

2         Plaintiff names the following as defendants: (1) Dr. Jeu, a physician at Folsom

3   State Prison and (2) Dr. Dowback, a contract surgeon. See EFC No. 20, pg. 1. Plaintiff alleges

4   violations of his Eighth Amendment rights for deliberate indifference to Plaintiff's medical needs.

5   See id. at 1-2.

6         Plaintiff states that on July 13, 2022, he underwent a second surgery on his finger.

7   See id.  According to Plaintiff, Defendant Dr. Dowback had informed Plaintiff that he would be

8   seen for a routine follow-up within ten days and a recommendation would be made to

9   immediately enroll Plaintiff in physical therapy. See id. However, after returning to Folsom State

10  Prison, Plaintiff states he was not seen for a follow-up, nor was he enrolled in physical therapy.

11  See id. Plaintiff contends that Defendant Dr. Dowback failed to act appropriately by not ensuring

12  that Plaintiff received proper after-care at the prison. See id.

13        Next, Plaintiff states that after waiting three weeks for a follow-up, Plaintiff

14  submitted a Health Care Request Form on August 5, 2022. See id. After submitting the form,

15  Plaintiff received an appointment with Defendant Dr. Jeu on August 8, 2022. At this appointment

16  according to Plaintiff, Defendant Dr. Jeu informed Plaintiff that he would not enroll Plaintiff in

17  physical therapy and would not implement a medical hold as Plaintiff was pending transfer.[1] See

18  id. Plaintiff states that he submitted multiple additional Health Care Request Forms to see a

19  doctor and to further stress his medical needs. See id. After submitting these additional forms,

20  Plaintiff met again with Defendant Dr. Jeu on August 11, 2022. See id. However, following what

21  was a disrespectful encounter according to Plaintiff, Plaintiff filed a grievance. See id.

22        Plaintiff was transferred to Corcoran State Prison on August 23, 2022. See id.

23  Plaintiff contends this transfer delayed his medical needs even further. See id. Plaintiff asserts that

24  the delay had caused his finger to become stiff and stuck in a straight position. See id. At this new

25  facility, Plaintiff was seen by a doctor on October 19, 2022, during which time a referral for

26

27         [1]    According to Plaintiff's Exhibit # 4, Defendant Dr. Jeu's denial of physical
    therapy, which Plaintiff states was recommended by Defendant Dr. Dowback, puts Plaintiff at
28  risk of being further injured.

3

1    Plaintiff's physical therapy was placed. See id. Plaintiff began physical therapy on November 1,

2    2022. See id. Plaintiff states that after a few physical therapy appointments, the physical therapy

3    doctor informed him that he should have been seen sooner and there was built up scar tissue from

4    the prolonged lack of movement. See id.

5            Plaintiff states that he had a consultation[2] with Defendant Dr. Dowback on

6    November 16, 2022, during which Defendant Dr. Dowback expressed to Plaintiff that his finger's

7    condition was "abnormal." See id. Plaintiff further states that he was not able to see Defendant

8    Dr. Dowback in-person again until February 2024, at which time Defendant Dr. Dowback

9    informed Plaintiff that he would need additional surgery to fix his finger. See id. Plaintiff states

10   that he was so traumatized from the experience that he refused the additional surgery, preferring

11   to wait until he was released from prison. See id. Plaintiff claims that Defendant Dr. Dowback

12   and Defendant Dr. Jeu's deliberate indifference caused a delay in Plaintiff's medical treatment,

13   which in turn resulted in Plaintiff's permanent disfigurement, chronic pain, and numbness in his

14   finger which prevent him from performing daily tasks.

15

16                              **II. DISCUSSION**

17           The Court finds that the third amended complaint continues to fail to allege facts

18   sufficient to establish an Eighth Amendment medical deliberate indifference claim against either

19   named defendant.

20           The treatment a prisoner receives in prison and the conditions under which the

21   prisoner is confined are subject to scrutiny under the Eighth Amendment, which prohibits cruel

22   and unusual punishment.   See Helling v. McKinney, 509 U.S. 25, 31 (1993); Farmer v. Brennan,

23   511 U.S. 825, 832 (1994).  The Eighth Amendment ". . . embodies broad and idealistic concepts

24   of dignity, civilized standards, humanity, and decency." Estelle v. Gamble, 429 U.S. 97, 102

25   (1976).  Conditions of confinement may, however, be harsh and restrictive.  See Rhodes v.

26   Chapman, 452 U.S. 337, 347 (1981).  Nonetheless, prison officials must provide prisoners with

27   _____

28          [2]    According to Plaintiff's Exhibit #1(B), this was a telemedicine consultation. See
     id. at 5.

1    "food, clothing, shelter, sanitation, medical care, and personal safety." Toussaint v. McCarthy,

2    801 F.2d 1080, 1107 (9th Cir. 1986).  A prison official violates the Eighth Amendment only when

3    two requirements are met: (1) objectively, the official's act or omission must be so serious such

4    that it results in the denial of the minimal civilized measure of life's necessities; and (2)

5    subjectively, the prison official must have acted unnecessarily and wantonly for the purpose of

6    inflicting harm.  See Farmer, 511 U.S. at 834.  Thus, to violate the Eighth Amendment, a prison

7    official must have a "sufficiently culpable mind."  See id.

8           Deliberate indifference to a prisoner's serious illness or injury, or risks of serious

9    injury or illness, gives rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 105;

10   see also Farmer, 511 U.S. at 837.  This applies to physical as well as dental and mental health

11   needs.  See Hoptowit v. Ray, 682 F.2d 1237, 1253 (9th Cir. 1982).  An injury or illness is

12   sufficiently serious if the failure to treat a prisoner's condition could result in further significant

13   injury or the ". . . unnecessary and wanton infliction of pain."  McGuckin v. Smith, 974 F.2d

14   1050, 1059 (9th Cir. 1992); see also Doty v. County of Lassen, 37 F.3d 540, 546 (9th Cir. 1994).

15          The requirement of deliberate indifference is less stringent in medical needs cases

16   than in other Eighth Amendment contexts because the responsibility to provide inmates with

17   medical care does not generally conflict with competing penological concerns.  See McGuckin,

18   974 F.2d at 1060.  Thus, deference need not be given to the judgment of prison officials as to

19   decisions concerning medical needs.  See Hunt v. Dental Dep't, 865 F.2d 198, 200 (9th Cir.

20   1989).  The complete denial of medical attention may constitute deliberate indifference.  See

21   Toussaint v. McCarthy, 801 F.2d 1080, 1111 (9th Cir. 1986).  Delay in providing medical

22   treatment, or interference with medical treatment, may also constitute deliberate indifference.  See

23   Lopez, 203 F.3d at 1131.  Where delay is alleged, however, the prisoner must also demonstrate

24   that the delay led to further injury.  See McGuckin, 974 F.2d at 1060.

25          Negligence in diagnosing or treating a medical condition does not, however, give

26   rise to a claim under the Eighth Amendment.  See Estelle, 429 U.S. at 106.  Moreover, a

27   difference of opinion between the prisoner and medical providers concerning the appropriate

28   course of treatment does not generally give rise to an Eighth Amendment claim.  See Jackson v.

5

McIntosh, 90 F.3d 330, 332 (9th Cir. 1996).  However, a claim involving alternate courses of treatment may succeed where the plaintiff shows: (1) the chosen course of treatment was medically unacceptable under the circumstances; and (2) the alternative treatment was chosen in conscious disregard of an excessive risk to the prisoner's health.  See Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004).

In addressing the second amended complaint, the Court stated:

> The gravamen of Plaintiff's complaint is an Eighth Amendment medical deliberate indifference claim based on the delay in receiving physical therapy following surgery on his finger in July 2022.
>
> * * *
>
> As currently pleaded, the Court finds the second amended complaint defective.  Specifically, Plaintiff has not alleged any facts to suggest that Dr. Dowback, who performed the surgery, was the cause of any delay related to physical therapy.  To the contrary, the facts alleged indicate that Dr. Dowback prescribed physical therapy which was to begin upon Plaintiff's return to prison.  With respect to Dr. Jeu, the doctor to whom Plaintiff spoke regarding physical therapy following his return to prison, Plaintiff has not alleged facts to show that Dr. Jeu was deliberately indifferent to Plaintiff's medical needs.  According to Plaintiff, when asked about physical therapy, Dr. Jeu informed Plaintiff that Dr. Dowback's order was "not in the system."  Plaintiff does not plead any additional facts as to Dr. Jeu which show the doctor's deliberate indifference with respect to a delay in receiving physical therapy. Finally, as to events which occurred following Plaintiff's transfer to Corcoran State Prison, Plaintiff has not alleged any facts to link those events to the named defendants, neither of whom worked at Corcoran State Prison during the times relevant to this action.

ECF No. 19, pgs. 3-5.

For the reasons discussed below, the Court finds that many of the same problems persist with the current operative pleading.

**A.      Dr. Dowback**

According to the facts alleged in the third amended complaint, Dr. Dowback, an outside physician, recommended physical therapy following a second surgery on Plaintiff's finger in July 2022.  Plaintiff states that Dr. Dowback informed Plaintiff that he would be seen for a follow-up visit within 10 days.  Plaintiff states that he was returned to the prison and had no further contact with Dr. Dowback until November 16, 2022 – after Plaintiff began physical therapy on November 1, 2022.  As with the second amended complaint, these facts show that Dr.

6

1    Dowback recommended physical therapy and there his conduct ended.  Plaintiff's allegation that

2    Dr. Dowback failed to ensure that physical therapy had been approved by the prison per his

3    recommendation, at best, amounts to a negligence claim, which is not cognizable under § 1983.

4         **B.**      **Dr. Jeu**

5              Plaintiff states that he was seen at the prison by Dr. Jeu on August 8, 2022.

6    According to Plaintiff, he was informed by Dr. Jeu that he would not be enrolling Plaintiff in

7    physical therapy because Plaintiff was scheduled for a transfer to Corcoran State Prison, which

8    occurred on August 23, 2022.  Following Plaintiff's transfer, Dr. Jeu had no further involvement

9    with Plaintiff's medical care.  These facts do not allow for an inference that Dr. Jeu was

10   deliberately indifferent with respect to scheduling physical therapy.  To the contrary, the facts

11   alleged by Plaintiff indicate a reasonable basis for Dr. Jeu's decision, not a callous disregard for

12   Plaintiff's need for physical therapy.  According to the facts alleged, the delay between Dr.

13   Dowback's recommendation for physical therapy in July 2022, and the commencement of

14   physical therapy on November 1, 2022, following his transfer to Corcoran State Prison in late

15   August, was due to the transfer.  As with Dr. Dowback, the facts alleged, at best, support a

16   negligence claim against Dr. Jeu.

17   / / /

18   / / /

19   / / /

20   / / /

21   / / /

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

7

1

### III.   CONCLUSION

2       Because it does not appear possible that the deficiencies identified herein can be

3   cured by amending the complaint, Plaintiff is not entitled to leave to amend prior to dismissal of

4   the entire action.  See Lopez v. Smith, 203 F.3d 1122, 1126, 1131 (9th Cir. 2000) (en banc).

5       Based on the foregoing, the undersigned orders and recommends as follows:

6       1.      It is ORDERED that the Clerk of the Court is directed to randomly assign a

7   District Judge to this case.

8       2.      It is RECOMMENDED that this action be dismissed for failure to state a

9   claim.

10      These findings and recommendations are submitted to the United States District

11  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

12  after being served with these findings and recommendations, any party may file written

13  objections with the court.  Responses to objections shall be filed within 14 days after service of

14  objections.  Failure to file objections within the specified time may waive the right to appeal.  See

15  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

16

17  Dated:  August 27, 2024

18                                                  _____

19                                                  DENNIS M. COTA
                                                    UNITED STATES MAGISTRATE JUDGE
20

21

22

23

24

25

26

27

28